IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RYAN RICHMOND, | § | |
| | § | |
| Defendant Below- | § | No. 409, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1208023790 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: December 16, 2015
Decided: February 9, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 9th day of February 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, the appellant's response thereto, and the record below, it appears to the Court that:

(1) The appellant, Ryan Richmond, filed this appeal from the Superior Court's denial of his "Petition for Relief from Judgment (60b)," which it treated as a motion for sentence modification. The State has filed a motion to affirm the judgment below on the ground that it is clear on the face of Richmond's opening brief that his appeal is without merit. We agree and affirm.

(2) Richmond pled guilty in May 2014 to Manslaughter (as a lesser included offense of Murder in the First Degree), Assault in the First Degree (as a

lesser included offense of Attempted Murder in the First Degree), and Possession of a Firearm During the Commission of a Felony. The Superior Court sentenced Richmond on all three convictions to a total period of fifty-three years at Level V imprisonment to be suspended after serving fifteen years in prison for a period of probation. Richmond did not file a direct appeal.

(3) In November 2014, Richmond filed two motions for sentence reduction, which the Superior Court denied in a single order. Richmond did not appeal. In May 2015, Richmond filed a motion for correction of sentence, which the Superior Court denied. He did not appeal. In June 2015, Richmond filed a motion to reopen his sentence under Superior Court Civil Rule 60(b). The Superior Court denied that motion on July 16, 2015, holding that Civil Rule 60(b) could not be used to reopen a criminal sentence. In considering the motion under Criminal Rule 35(b), the Superior Court denied the motion because it was repetitive and because Richmond's sentence was appropriate for all of the reasons stated at his sentencing. Richmond appeals that judgment.

(4) Having carefully considered the parties' respective positions on appeal, we conclude that the Superior Court's July 16, 2015 judgment must be affirmed. As this Court has held many times, Civil Rule 60(b) may not be used to in a criminal proceeding to collaterally attack a conviction[1] or to modify a

---

[1] *Jackson v. State*, 2007 WL 2231072 (Del. Aug. 2, 2007).

sentence.[2]   We find no abuse of the Superior Court's discretion in considering Richmond's motion under Rule 35(b) and denying it as both repetitive and lacking in merit.  The disparity in sentences between or among co-defendants for the same or similar crimes is not a basis for reversal unless the sentence is illegal or there has been an abuse of discretion, which is not the case here.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] *Landry v. State*, 2015 WL 4464772 (Del. July 20, 2015); *Johnson v. State*, 2015 WL 1880412 (Del. Apr. 21, 2015).
[3] *Howell v. State*, 421 A.2d 892, 899 (Del. 1980).

3